IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

CATHERINE A. HILL and
MELODY K. JONES, CO-EXECUTORS
OF THE ESTATE OF
JOHN D. QUICK, DECEASED                                              PLAINTIFFS

V.                              Case No. 20-5136

UNITED STATES OF AMERICA,
ROBERT LEVY, M.D., and
JOHN DOES 1-100                                                       DEFENDANTS

**COMPLAINT**

COME NOW the Plaintiffs, Catherine A. Hill and Melody K. Jones as Co-Executors of the Estate of John D. Quick, deceased, on behalf of the wrongful death beneficiaries of John D. Quick, by and for their causes of action against Defendants, state:

**Parties, Jurisdiction, and Venue**

1. This is an action brought pursuant to the Federal Tort Claims Act, 28 U.S.C. § 2671 *et seq.*

2. This Court has federal-question jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1346(b).

3. At all relevant times, John D. Quick (hereinafter "Mr. Quick"), deceased, was a resident of the state of Arkansas, residing in Greenwood, Sebastian County, Arkansas.

4. By virtue of his service in the United States military for over twenty years as an infantry soldier in both the Korean and Vietnam Wars, Mr. Quick was eligible to, and did in fact, receive care through the United States Department of Veterans Affairs.

5. Plaintiffs, Catherine A. Hill and Melody K. Jones, are Co-Executors of Mr. Quick's Estate.

6. The Veterans Health Care System of the Ozarks (hereinafter the "Fayetteville VA") was an agency of the defendant, United States of America, under the United States Department of Veterans Affairs at all times material to this action.

7. The Fayetteville VA is located at 100 North College Avenue in Fayetteville, Arkansas. As part of the Veterans Health Administration of the United States Department of Veterans Affairs, the Fayetteville VA provides veterans with inpatient and outpatient medical care.

8. Dr. Robert M. Levy (hereinafter "Levy") was a board-certified pathologist and has been licensed to practice medicine, at various times, in California, Florida, Louisiana, Mississippi, and Arkansas.

9. At all relevant times hereto, Levy was employed by the Fayetteville VA as a pathologist, and, in the course of such duties, was employed to provide care to Mr. Quick and others.

10. Venue is proper in the Western District of Arkansas under 28 U.S.C. § 1402, because this is a civil action involving claims against the United States, and the acts and omissions giving rise to the claim occurred in this judicial district.

11. Additionally, at all times referred to herein, the Defendant, its agencies, employees, and agents, whether named or unnamed herein, were acting under the color of state and federal law, statutes, ordinances, regulations, policies, customs, practices, and usages of the United States of America, pursuant to their authority thereunder.

## Factual Background

12. In 2005, the Fayetteville VA hired Levy to serve as Chief of Pathology. In such capacity, Levy was in charge of the entire pathology laboratory at the Fayetteville VA. His duties, among others, included supervising the laboratory techs, administrative support staff, and another pathologist who worked in the pathology laboratory; rendering diagnoses based on examination of samples submitted to the laboratory; entering information in patients' medical records; assisting radiologists and surgeons or other medical specialists during bedside needle biopsies; serving on various oversight boards and medical committees within the Fayetteville VA; writing reports intended to provide accurate, truthful, and transparent information regarding the rate of errors that occurred in the Fayetteville VA laboratory, and ensuring that the Fayetteville VA laboratory maintained compliance and adherence to all national laboratory and hospital accreditation agencies.

13. The diagnoses made by Levy became part of patients' medical records and were relied upon by other doctors to determine appropriate treatment for Fayetteville VA patients.

14. Mr. Quick, now deceased, received medical treatment at the Fayetteville VA from on or about September 22, 2014 through approximately September 13, 2015.

15. Levy was the pathologist responsible for rendering Mr. Quick's diagnosis after examining a sample of his tissue.

16. During Levy's employment at the Fayetteville VA, Levy severely abused drugs and alcohol and was regularly intoxicated therefrom while providing medical services to Fayetteville VA patients in the course of his employment.

17. Often times, while under the influence of drugs and alcohol in the course of his employment with the Fayetteville VA, Levy exhibited obvious symptoms of inebriation that

should have been readily apparent to those around him and his co-employees at the Fayetteville VA.

18. Levy intentionally concealed being under the influence of such substances by routinely ingesting 2-methyl-2-butanol, which masked the alcohol in his blood during routine drug and alcohol tests administered by the Fayetteville VA to its employees.

19. In providing care to Mr. Quick, Levy negligently entered a materially false and misleading diagnosis in Mr. Quick's medical records, diagnosing him with small cell carcinoma, when in fact, Mr. Quick suffered from squamous cell carcinoma.

20. It is required for first-time malignancy cases to be subject to peer review, which did not happen here.

21. In fact, Levy intentionally falsified records and claimed a second pathologist agreed with this diagnosis of small cell carcinoma, when in fact, a second pathologist did not agree with the diagnosis.

22. Levy's incorrect diagnosis, which he entered into Mr. Quick's medical records, influenced decisions by Levy and other Fayetteville VA healthcare providers regarding Mr. Quick's course of treatment.

23. John D. Quick died of squamous cell carcinoma on or about September 13, 2015.

### Liability of the United States of America

24. This case is commenced and prosecuted against the United States of America pursuant to and in compliance with Title 28 U.S.C. §§ 2671-2680, commonly referred to as the "Federal Tort Claims Act." Liability of the United States is predicated specifically on Title 28 U.S.C. §§ 1346(b)(1) and 2674, because the medical malpractice, personal injuries, and resulting damages of which complaint were made were proximately caused by the negligence, wrongful

acts, and/or omissions of employees of the Fayetteville VA while acting in the scope of their office or employment, under circumstances where the United States of America, if a private person, would be liable to the Plaintiffs in the same manner and to the same extent as a private individual under the laws of the State of Arkansas.

25. In this Complaint, whenever the term "Defendant, "United States," or similar term is used to refer to the Defendant, it means the United States of America, its officers, agents, servants, employees, and/or representatives. Whenever in this Complaint it is alleged that Defendant did any act or thing, it is meant that the United States, its officers, agents, servants, employees, and/or representatives did such act or thing, and that at the time such act or thing was done, it was done with the full authorization and ratification of the United States and was done in the normal and routine course and scope of employment of the United States' officers, agents, servants, employees, and/or representatives.

26. Whenever in this Complaint it is alleged that Defendant omitted any act or thing, it is meant that the Defendant, the United States, its officers, agents, servants, employees, and/or representatives omitted such act or thing.

27. Provided however, in the alternative, to the extent the FTCA does not apply, which Plaintiffs deny, references to "Defendants" herein shall refer to Levy and all unknown "John Does" who negligently provided sub-standard medical care to Mr. Quick. An Affidavit executed pursuant to Ark. Code Ann. § 16-56-125 is attached hereto as Exhibit "1" and incorporated herein by reference, certifying the existence of unknown tortfeasors.

### Jurisdictional Prerequisites

28. All procedural prerequisites to filing this action have been satisfied, met, or otherwise waived, including the exhaustion of all administrative remedies under the FTCA.

29. On or about September 3, 2019, Plaintiffs submitted their administrative claims for damage, injury, and death under the FTCA to the Fayetteville VA and Defendant.

30. Claim forms were filed on behalf of Mr. Quick, by Catherine A. Hill and Melody K. Jones as Co-Executors of Mr. Quick's estate. The SF-95 claim form with related attachments are attached to this Complaint as Exhibit "2" and incorporated herein by reference

31. Pursuant to 28 U.S.C. § 2675(a), no response has been received as of the date of filing this Complaint and the administrative claims may be considered denied for the purpose of filing this pleading.

**The Department of Veterans' Affairs is an Agency of the United States of America**

32. The Department of Veterans Affairs is an agency of the United States of America.

33. Defendant, United States of America, through its agency, the Department of Veterans Affairs, at all times material hereto, owned, operated, and controlled the Fayetteville VA, staffed said facility with its agents, servants, and/or employees.

34. At all times herein, all persons involved in the medical and health care services provided to Mr. Quick at the Fayetteville VA were agents, servants, and employees of the Department of Veterans Affairs, the United States of America, or some other agency thereof, and, were at all times material hereto, acting within the course and scope of such employment.

35. This is a Federal Tort Claims action for monetary damages sustained as the result of Defendant's substandard, and therefore, negligent, medical care.

36. Levy and other Fayetteville VA employees' fraudulent conduct in concealing the operative facts, including, but not limited to, Levy's intoxication while on the job, falsifying records to reflect a peer reviewed diagnosis when in fact none was made, and failure to properly

review and follow up on misdiagnoses, made it impossible for Plaintiffs or Mr. Quick to know of the harmful acts of Defendants.

37. Further, the nature of the harm caused to Mr. Quick was such that it was impossible for Plaintiffs or Mr. Quick to discover the underlying facts giving rise to their claims herein.

38. As such, any applicable statute of limitations should be deemed tolled as required by law and equity.

## COUNT I – MEDICAL MALPRACTICE

39. Plaintiffs restate and incorporate by reference each of the preceding paragraphs as if fully set forth herein.

40. The acts and/or omissions of the agents, servants, and/or employees of the United States, through its agency with the Fayetteville VA, in failing to properly diagnose Mr. Quick, constitute medical malpractice.

41. Defendant, through the agents, servants, and employees of its agency, the Fayetteville VA, is guilty of negligence, which was the proximate cause of the injuries and damages sustained by Plaintiffs.

42. Defendant and its agents, servants, and/or employees failed to meet the applicable standard of care in their treatment of Mr. Quick.

43. Defendant and its agents, servants, and/or employees breached the duty owed to Mr. Quick, and said negligence was a deviation from the standard of care for medical care providers under these circumstances. The negligence consisted of, but is not limited to, the following:

a. Defendant and its agents, servants, and/or employees breached the standard of care owed to Mr. Quick.

b. The conduct of the Defendant and its agents, servants, and/or employees fell below the standard of care required for similar medical care providers in places similar to Fayetteville, Washington County, Arkansas, and therefore, constitutes medical malpractice.

c. Defendant and its agents, servants, and/or employees failed to properly diagnose Mr. Quick and failed to possess and apply with reasonable care, the degree of skill and learning ordinarily possessed and used by members of their professions in good standing, engaged in the same type of specialty in the locality in which they practiced, or in a similar locality.

d. Defendant and its agents, servants, and/or employees were negligent in the hiring, retention, and supervision of Levy in light of his history of substance abuse and actions more particularly described above;

e. Defendant and its agents, servants, and/or employees failed to properly review and follow up on Mr. Quick's misdiagnosis.

f. Defendant and its agents, servants, and/or employees are otherwise guilty of negligence which will be more particularly described during the course of litigation.

44. In rendering medical services, examinations, treatments, diagnoses and medical care for Mr. Quick, Defendant, through its agents, servants, and employees, failed to exercise the degree of skill and care that would be expected of an ordinarily prudent or reasonably competent physician or healthcare provider under like or similar circumstances.

45. As a result of the failure of Defendant, and through its agents, servants, and employees, all as described above, in rendering medical services, examinations, treatments, and diagnoses, the decedent, John D. Quick, suffered severe personal injury and death.

## COUNT II – WRONGFUL DEATH

46. Plaintiffs restate and incorporate by reference each of the preceding paragraphs as if fully set forth herein.

47. As a direct and proximate result of the previously alleged conduct, all of which caused the death of the decedent, John D. Quick, the Defendants caused the death of John D. Quick.

48. Plaintiffs pray for compensatory damages against Defendants for the wrongful death of Mr. Quick, including, but not limited to, the grief suffered, as well as the expense of the funeral and other related cost.

49. As a direct and proximate result of the death of Mr. Quick, Plaintiffs seek a judgment for all compensatory damages against the Defendants, including, but not limited to, loss of enjoyment of life, the loss of life, as well as funeral expenses, and related costs against the Defendants in an amount to be determined at trial, plus costs and all other relief to which the Plaintiffs may be entitled, including, but not limited to, the claims on behalf of the wrongful death beneficiaries of the decedent, and for any and all other damages that the Plaintiffs and beneficiaries are entitled to recover. Plaintiffs sue for, pursuant to Ark. Code Ann. § 16-62-102, pecuniary injuries sustained by the beneficiaries under Ark. Code Ann. § 16-62-102, together with mental anguish on behalf of the beneficiaries of the decedent under Ark. Code Ann. § 16-62-102.

## Damages

50. Plaintiffs pray for judgment against the United States of America for the personal injury to and wrongful death of John D. Quick, for the medical and related expenses necessary and related to the care of Plaintiffs' decedent's condition, for physical pain and mental anguish suffered by the Plaintiffs' decedent, for Plaintiffs' decedent's extreme emotional distress, and for permanent and total impairment of the Plaintiffs' decedent's power and ability to enjoy life, and for funeral expenses, in the aggregate sum of Three Million Dollars and Zero Cents ($3,000,000.00), and for any and all other relief to which Plaintiffs may be entitled, including her costs herein expended, a reasonable attorney's fee, pre-judgment and post-judgment interest on all sums awarded.

51. Alternatively, to the extent the FTCA does not apply, which Plaintiffs deny, Plaintiffs seek such damages against Levy and all unknown tortfeasors, which are listed herein as "John Does," in their personal capacity. These "John Does" are unknown medical professionals who provided for, supervised, and were otherwise involved with Mr. Quick's care at the Fayetteville VA.

WHEREFORE, premises considered, Plaintiffs respectfully pray for judgment against Defendants as set forth herein, for their attorneys' fees and costs, and for all further relief to which the Court deems Plaintiffs entitled.

Respectfully Submitted:

CATHERINE A. HILL and
MELODY K. JONES, CO-EXECUTORS
OF THE ESTATE OF
JOHN D. QUICK, DECEASED

By: _____
Nick Mote #2016139
TAYLOR LAW PARTNERS, LLP
303 E. Millsap Road
P.O. Box 8310
Fayetteville, AR 72703
Telephone: (479) 443-5222
Facsimile: (479) 443-7842
Email: nmote@taylorlawpartners.com